**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Bankruptcy No. 24 B 07461 |
| | ) | |
| Kristina Cheldize, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| ‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗‗ | ) | |
| | ) | |
| AD Cargo Inc., AD Express Trucking, Inc, | ) | |
| Stanislav Diukov, Artem Dyukov, | ) | Adversary No. 24 A 00246 |
| Savana Expedited, LLC | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Kristina Cheldize, | ) | Judge David D. Cleary |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM ORDER**

This matter comes before the court on the motion of Stanislav Diukov, Artem Dyukov, Ad Cargo Inc., Ad Express Trucking, Inc., and Savana Expedited, LLC ("Plaintiffs") to deem timely their late filing of the complaint in this adversary proceeding objecting to dischargeability ("Motion"). Plaintiffs ask the court to invoke equitable tolling and to deem the complaint timely filed despite it being filed the day after the deadline expired. Having reviewed the pleadings and heard the arguments of the parties, the court denies the Motion.

**BACKGROUND**

Kristina Cheldize ("Cheldize" or "Defendant") filed her voluntary petition for relief under chapter 13 on May 20, 2024. Cheldize's bankruptcy schedules listed the Plaintiffs under schedules E/F as creditors. The first date set for the meeting of creditors was June 18, 2024.

Plaintiffs timely filed proofs of claim for $800,000 each on July 23, 2024, as claim numbers 15, 16, 17, 18, and 19.

On August 20, 2024, counsel for Plaintiffs filed the adversary complaint ("Complaint"). (Case No. 24ap00246, Dkt. No. 1).  Counsel initially attempted to file the Complaint on August 19, 2024.  (Dkt. No. 5, ¶1).  During the filing process, counsel repeatedly encountered an error code.  (*Id.*, ¶2).  After counsel contacted the Clerk of the Court, speaking twice with a customer assistant and once with a supervisor, he was able to avoid the error code blocking the filing process.[1]  (*Id.*, ¶3).  Once counsel had resolved the error code issue, he could no longer reach the Clerk of the Court's supervisor by telephone because his or her schedule ended at 5 p.m.  (*Id.*, ¶4) Counsel then proceeded with the filing process, and clicked what seemed to be the final "submit" icon.  (*Id.*, ¶5)  At this point, counsel believed that the filing had been completed.  (*Id.*). The following morning, August 20, 2024, Counsel checked for a confirmation email for his filing, but found none.  (*Id.*, ¶6)  Counsel then contacted customer service at the Clerk of Court's office and learned that the filing had not appeared on the docket.  (*Id.*, ¶7)  Counsel immediately contacted a supervisor, who assisted with the successful filing of the Complaint.  (*Id.*, ¶8)  Thus, counsel did not complete the filing of the Complaint on August 19, 2024, but promptly resolved the issue on the following day, August 20, 2024.  (*Id.*, ¶9)

Plaintiffs' Complaint seeks a finding of nondischargeability pursuant 11 U.S.C. §§523(a)(2), 523(a)(4), and 523(a)(6).  (Dkt. No. 1, p.6).

**LEGAL ANALYSIS**

In the Motion, Plaintiffs specify no basis for relief other than the facts outlined in their Affidavit.  Plaintiffs do not offer a legal basis for the relief requested until paragraphs 11-13 of

---

[1] The Court website provides a phone number for a customer service line with hours of operation from 8:30 AM to 5:00 PM.

their Reply in Support of Motion to Deem Timely Filed (the "Reply").  Without applying the

facts to the cited authority, Plaintiffs argue "sufficient good cause" as a basis to deem the

Complaint timely filed.  Their argument appears to be as follows: Because the 60-day time limit

pursuant Federal Rule of Bankruptcy Procedure 4007(c) for filing a dischargeability complaint

after the first date set for the meeting of creditors is a procedural rule, the 60-day time limit is

subject to equitable defenses.  Therefore, the court may extend the 60-day time limit after the

date for filing a complaint has expired on equitable tolling grounds.  Plaintiffs argue they have

provided "sufficient good cause" to invoke equitable tolling and for the court to deem the

complaint timely filed.  According to Plaintiffs, the facts constituting this "sufficient good cause"

include the relatively small 12-hour delay in filing, the technical issues as the cause for the delay,

the prompt resolution of the technical issues, and the occurrence of the delayed filing taking

place prior to both the 341 meeting of creditors and the Defendant's amendment of her petition

and schedules.  In their Complaint, Plaintiffs object to discharge pursuant 11 U.S.C. § 523(a)(2),

(4), and (6).  *See* 11 U.S.C. § 523(c).

I.      **Count III:** *11 U.S.C. 523(a)(6)*

Because the Defendant has not moved for a § 1328(b) hardship discharge, the court has

not set a deadline as required by Rule 4007(d) for the filing of a complaint under § 523(a)(6).

Rule 4007(d) governs the timely filing of a complaint under § 523(a)(6), and it requires that the

court set a filing deadline only "[o]n motion by a debtor for a discharge under § 1328(b)."  Fed.

R. Bankr. P. 4007(d).  The Defendant has not moved for a § 1328(b) hardship discharge, so the

court has not "enter[ed] an order fixing the time to file a complaint to determine the

dischargeability of [a] debt under § 523(a)(6)."  *Id.*  As the court observed in *In re Liescheidt*,

"the Section 523(a)(6) count is problematic not because it is too late, but because it is too early."

*In re Liescheidt*, 404 B.R. 499, 504 (Bankr. C.D. Ill. 2009).  Without a deadline set for the filing

of a 523(a)(6) complaint, Plaintiffs' Motion to deem its Complaint timely filed is moot as to its

third claim for relief pursuant §523(a)(6).[2]

## II.       Counts I and II: *11 U.S.C. §§ 523(a)(2) and (a)(4)*

With respect to § 523(a)(2) and (a)(4), however, Plaintiffs are right to limit their

argument to equitable tolling.  Federal Rule of Bankruptcy Procedure 9006(b) provides that

"[t]he court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c),

4003(b), 4004(a), 4007(c), 4008(a), 8002, and 9033, only to the extent and under the conditions

stated in those rules."  Complaints seeking relief under §523(a)(2) and (4) "shall be filed no later

than 60 days after the first date set for the meeting of creditors under § 341(a)."  Fed. R. Bankr.

P. 4007(c).  This 60-day limit may be extended by motion and for cause, but such motion "shall

be filed before the time has expired." *Id.*  No motion was filed.  Thus, even if requested, the

court cannot grant Plaintiffs an extension to the 60-day time limit under the Rules alone.

But the Seventh Circuit has held that the timeliness provisions of 4007 are not

jurisdictional, and that equitable defenses, such as equitable tolling, may therefore apply. *In re*

*Kontrick*, 295 F.3d 724, 733 (7th Cir. 2002), *aff'd sub nom. Kontrick v. Ryan*, 540 U.S. 443

(2004).  The Plaintiffs appear to argue that equitable tolling applies in this case.  Equitable

tolling, however, requires something more than "sufficient good cause."

To successfully invoke equitable tolling, the party raising the argument must satisfy a

two-prong test: (1) he pursued his rights diligently; and (2) an extraordinary circumstance stood

in the way of timely filing. *Socha v. Boughton,* 763 F.3d 674, 683 (7th Cir. 2014); *In re Lee*,

---

[2] Furthermore, section 523(a)(6) actions are not ripe until a debtor moves for hardship discharge. *See In re Liescheidt*, 404 B.R. 499, 505 (Bankr. C.D. Ill. 2009); *In re Yotis*, 521 B.R. 625, 639 (Bankr. N.D. Ill. 2014). Dismissal of Count III is not before the court at this time.

2015 WL 251992, *3 (Bankr. N.D. Ill. Jan. 21, 2015).  The movant must demonstrate that these extraordinary circumstances were "outside of his control" and that they prevented him from timely filing "through no fault of his own."  *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008).  Movant's pursuit of his rights must be diligent "despite the obstacle."  *Id.*  Movant has the burden of establishing both prongs of the test.  *Socha* at 683.

Here, Movant waited until the last hours of the day of the deadline to initiate the filing process.  Once technical issues arouse, counsel did pursue corrective measures.  After correcting the issue, counsel filed the complaint but did not confirm the filing on the docket prior to the deadline or, absent verification on the docket, file a protective motion to extend the deadline. In fact, movant never filed a motion to extend the deadline.  The court finds that the first element of the equitable tolling defense is not satisfied.

Plaintiffs also have not established that counsel was prevented from timely filing by extraordinary circumstances outside of his control.  Waiting until the last hours prior to the deadline, counsel initiated attempts to file the Complaint.  He encountered error codes, requiring him to seek help from the Clerk of the Court.  Counsel did resolve the error code issue, but after 5 p.m., at which time no one was available to confirm his filing was successful.  Neither computer errors nor operating hours could reasonably be described as "extraordinary."  Without confirmation of the filing, the potential of another error code was not extraordinary.  Yet, in the remaining hours prior to the deadline, Plaintiffs took no action and did not file a motion to extend the deadline.

Plaintiffs have cited no case law in which computer problems constituted extraordinary circumstances, and the weight of authority indicates the opposite.

> [C]omputer problems are not grounds for equitable tolling of a
> prescriptive period, particularly when encountered on the last day to file. *See*

*Johnson v. Quarterman*, 483 F. 3rd 278,287 (5th Cir.), cert. denied, 552 U.S.
1064 (2007) (declining to find equitable tolling where the petitioner's attorney
waited until the last possible day and then experienced computer problems which
prevented timely filing); *Schmitt v. Zeller*, 354 Fed. Appx. 950, 951 (5th Cir.
2009) ("We have recognized that a component of the obligation to pursue rights
diligently is not to wait until near a deadline to make a filing, then seek equitable
tolling when something goes awry").

*Lovely v. Smith*, 2019 WL 6719799, *2 (W.D. La. Nov. 25, 2019), adopted, 2019 WL 6724341

(W.D. La. Dec. 10, 2019).  *See Tamburri v. Berryhill*, 2018 WL 1175141, *2 (E.D.N.Y. March

5, 2018) ("The Second Circuit has not addressed the issue of whether an attorney's computer

malfunction on the final day of the 30-day window under the EAJA is sufficient grounds to apply

the doctrine of equitable tolling…[T]he court finds that Plaintiff does not qualify for equitable

tolling in the particular circumstances present here.").  *See also DePippo v. Chertoff*, 453 F.

Supp. 2nd 30, 34 (D.D.C. 2006) ("While unfortunate, a frozen computer is by no means a

significant enough reason to equitably toll the filing deadline in question.") (footnote omitted).

For all of the reasons stated above, **IT IS HEREBY ORDERED THAT:**

1.  As to Count I and II, the Motion is **DENIED**;

2.  As to Count III, the Motion is **DENIED** as moot.

Date:   October 28, 2024

DAVID D. CLEARY
United States Bankruptcy Judge